IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| United States of America, | Cr. No. 0:09-207-CMC |
|---|---|
| v. | |
| Michael Jerrod Dixon, | **Opinion and Order** |
| Defendant. | |

Defendant, *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 373. The Government filed a motion for summary judgment and a memorandum in support/response in opposition to Defendant's § 2255 motion. ECF Nos. 381, 382. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the response procedure and the consequences if he failed to respond. ECF No. 384. Defendant did not file a response and the time for doing so has expired.

**I.    Background**

On May 20, 2009, Defendant was indicted (via superseding indictment) in this court for conspiracy to possess with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). ECF No. 125. On May 6, 2009, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that he was subject to increased penalties based on two prior convictions for felony drug offenses: a conviction for possession with intent to distribute ("PWID") crack cocaine, and a conviction for possession of contraband in jail. ECF No. 122. Defendant filed a reply to the Information, objecting to the PWID conviction counting as a prior felony drug conviction, arguing that he was sentenced under

the South Carolina Youthful Offender Act and under the age of 18. ECF No. 143. He also objected to the contraband conviction, asserting he did not voluntarily enter a guilty plea to that charge, but thought he was pleading to a non-drug charge. *Id.*

On June 9, 2009, Defendant entered into a written plea agreement to plead guilty to count 1 of the superseding indictment, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine. ECF No. 147. As part of the plea agreement, Defendant stipulated that he had at least one prior felony drug conviction (the PWID crack conviction) that was the subject of an Information filed pursuant to § 851, and which subjected him to a mandatory minimum sentence. *Id.* at ¶ 12. In return, the Government agreed to withdraw the enhancement that remained contested (the possession of contraband in jail conviction). As a part of the plea agreement, Defendant waived his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. The same day, Defendant appeared before this court and pled guilty as above. ECF No. 154. At the plea hearing, Defendant withdrew his challenge to the § 851 enhancement regarding the PWID crack cocaine charge, but indicated his wish to proceed with the challenge to the enhancement regarding contraband. ECF No. 153. Towards that end, Defendant filed a motion to strike prior conviction regarding the contraband conviction. ECF No. 173.

A Pre-Sentence Report ("PSR") concluded Defendant had at least two prior felony drug convictions and that he faced a mandatory sentence of life imprisonment. ECF No. 220. Under the plea agreement, the Government was to withdraw one § 851 enhancement, reducing Defendant's sentence from life to twenty years. *Id.* Defendant filed five objections to the PSR, then withdrew three objections, leaving the following two objections: 1) an objection to an increase

in his base offense level because the convictions in paragraphs 33, 34, and 35 of the PSR should have counted as a single conviction for criminal history purposes; and 2) an objection to the guideline calculation based on the above objection.  The probation officer declined to amend the PSR.  ECF No. 177-1.

On August 17, 2009, Defendant filed a motion to continue the sentencing hearing scheduled for August 18, 2009.[1]  ECF No. 185.  Defense counsel had just learned the Government asserted Defendant failed a polygraph examination, and would not withdraw the § 851 enhancement for the contraband conviction.  Counsel requested more time to investigate the results of the polygraph examination.  The court denied the motion.  ECF No. 186.  However, at the hearing on August 18, 2009, sentencing was continued until September 2, 2009.  ECF No. 198.

On September 2, 2009, Defendant appeared for sentencing.  ECF No. 213.  The court denied Defendant's motion to strike the § 851 enhancement for the contraband conviction.  The Government did not withdraw one of the convictions for the enhancement.  The court sentenced Defendant to a mandatory minimum term of life imprisonment, with ten years of supervised release to follow.  ECF No. 214.

Defendant appealed his conviction and life sentence.  ECF No. 218. The issues on appeal were whether the district court erred in enhancing Defendant's sentence when he allegedly did not know he was pleading guilty to the contraband offense, and whether the enhancement was proper when two of his predicate offenses "may have been consolidated" in state

---

[1] The Government had previously moved to continue the sentencing, which was denied on August 5, 2009.  ECF No. 176.

court. The Fourth Circuit denied the first challenge, to the contraband offense, as the challenge to the conviction was precluded by the five-year statute of limitations in § 851(e). ECF No. 296. The court also found that the two predicate offenses "that may have been consolidated" were in fact two separate offenses and that Defendant's sentence was procedurally and substantively reasonable. *Id.*

On June 27, 2016, Defendant filed a § 2244 motion with the Fourth Circuit, seeking permission to file a second or successive § 2255 motion in the district court based on *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015). *In re*: Michael Dixon, No. 16-9682 (4th Cir. 2016). On July 14, 2016, the Fourth Circuit issued an Order denying Defendant's motion as unnecessary, because Defendant had never filed a previous § 2255 and therefore did not require permission to file a § 2255 motion in the district court. ECF No. 372. Defendant's § 2255 motion was filed in this court on July 14, 2016. ECF No. 373.[2]

**II.** ***Johnson* and *Welch***

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal.

---

[2] The Government has not raised untimeliness or waiver in response to Defendant's § 2255 motion.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

### III.    Discussion

Defendant's motion purports to be filed pursuant to *Johnson* and its progeny. However, *Johnson* and *Welch* have no bearing on Defendant's sentence. Defendant was not categorized an Armed Career Criminal or a Career Offender in the PSR. Instead, his sentence was enhanced based on two prior felony drug convictions, noticed pursuant to § 851, that subjected him to a mandatory minimum life sentence. *See* 21 U.S.C. § 841("If any person commits a violation of this subparagraph. . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . .").

While Defendant initially objected to both prior drug convictions qualifying under §851, those objections were resolved. Defendant stipulated to "at least one" prior felony drug conviction in the plea agreement, but continued to contest the contraband conviction. This court denied Defendant's motion to strike the contraband conviction, and the Government did not withdraw the § 851 notice when Defendant breached the plea agreement by failing a polygraph examination. Therefore, both prior felony drug convictions were used to enhance Defendant's sentence to a statutory mandatory minimum of life imprisonment. The enhancement was affirmed by the Fourth Circuit.

The Supreme Court's holding in *Johnson* has no effect on sentences pursuant to §§ 841 and 851. As Defendant's sentence was enhanced based on prior felony drug convictions under § 851, he is not entitled to relief under *Johnson*.

5

## IV. Conclusion

Defendant's challenge to his sentence fails because Defendant received a statutory mandatory minimum sentence based on § 851 and thus was not affected by *Johnson*. The Government's motion for summary judgment is granted and Defendant's § 2255 motion is dismissed.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 27, 2016

6