IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:09-207-03 (CMC) |
| v. | **OPINION AND ORDER** |
| Michael Jerrod Dixon, | |
| Defendant. | |

This case comes before the court on Defendant's Motion for Relief under the First Step Act of 2018. ECF No. 433. The United States Probation Office has filed a Sentence Reduction Report ("SRR"), ECF No. 432, indicating Defendant is eligible for relief. Defendant's statutory sentencing range has changed from mandatory Life imprisonment to 10 years to Life and his supervised release exposure is eight years instead of 10 years. Defendant's advisory Guideline range is now 130-162 months. The Government agrees Defendant is eligible for relief but requests the court deny relief or in the alternative "not grant relief such that Dixon may be entitled to immediate release." ECF No. 438 at 2. Defendant, through counsel, has filed a Reply in which he urges the court "to sentence him within his revised sentencing range or, in the alternative, to return him to court for a new sentencing hearing where the Government is required to prove its basis for a sentence so much higher than the sentence provided by his guidelines." ECF No. 439 at 2.

**Background**

Defendant was charged in a multi-count indictment with conspiracy to distribute cocaine and cocaine base. ECF No. 125. On June 9, 2009, he entered a guilty plea to conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and

846. ECF No. 249 at 43. Prior to the change of plea, the Government filed an Information under 21 U.S.C. § 851 noting Defendant had two prior felony drug convictions requiring a mandatory minimum penalty of Life imprisonment. ECF No. 122. The Government agreed that if Defendant cooperated pursuant to the terms of his Plea Agreement, one § 851 enhancement would be withdrawn and Defendant would face a mandatory minimum sentence of 20 years to a maximum of Life. ECF No. 147.

Sentencing took place on September 2, 2009. The Government declined to withdraw a § 851 enhancement, taking the position Defendant's failure of two polygraph examinations focusing on a robbery and murder violated the Plea Agreement and resulted in the Government's obligations becoming null and void. ECF No. 243 at 5. Defense counsel did not contest the Government's refusal to withdraw the enhancement.

During the course of describing the polygraph examinations, the prosecutor reported Defendant had made both inculpatory and exculpatory statements but had ultimately "confessed that he in fact had committed the murder and participated in the robbery. . . ." *Id.* The prosecutor advised "we . . . still don't think he's giving the full truth," *id.* at 6, and "we don't think we have all the truth" (*id.* at 7). The court then inquired:

> The court: So his latest statement is that he was the shooter. You don't know if it's true or not.
> Mr. Leventis: Right. I mean it's very possible. We're not certain.

*Id.* at 8.

Because there was no objection to the Government's refusal to withdraw one of the § 851 enhancements, no evidence concerning the polygraph examinations was introduced, and the court

2

was not required to make a finding on whether Defendant had made false statements or admissions concerning a murder and robbery.[1]

Defendant was sentenced to Life imprisonment. He has been in custody since January 31, 2009, approximately 127 months, and is now 41 years old. During his incarceration Defendant has committed four disciplinary infractions: possessing an unauthorized item in 2010, possessing a dangerous weapon in 2012, phone abuse-disrupt monitoring in 2012, and interfering with security devices in 2018. He has also completed his GED, drug education and counseling courses, and approximately 18 educational courses.

## Positions of the Parties

The parties agree on Defendant's eligibility for relief under the First Step Act and that Defendant's statutory range is reduced from Life imprisonment to 10 years to Life. They also agree Defendant's advisory Guideline range is 130-162 months and his supervised release exposure is reduced from 10 to eight years. That is where their agreement ends.

Defendant takes the position his sentence should be reduced to 130 months or at least a sentence within his revised Guideline range. In the alternative, Defendant argues he should be returned to court for a new sentencing hearing. ECF No. 439 at 2. The Government contends Defendant is not entitled to a new sentencing hearing and "the 3553(a) factors weigh against a reduction for [Defendant] which would result in a time served sentence." ECF No. 438 at 15. More specifically, the Government argues Defendant

---

[1] The PreSentence Report ("PSR") made no mention of the alleged robbery and murder, the polygraph results, or any statements made by Defendant concerning that issue.

3

pled guilty to a significant drug offense involving the distribution of multi-ounce quantities of cocaine and crack cocaine. At his change of plea hearing, Dixon admitted that he was responsible for 434 grams of cocaine base, which far exceeds the Fair Sentencing Act threshold of 280 grams. ECF No. 249 at 40. Dixon failed two polygraph examinations before finally admitting to committing a murder and participating in an armed robbery. It is not clear that the Court considered these crimes during sentencing, but certainly these admissions should be relevant in fashioning a modified sentence if the Court so choses. Dixon has admitted to violent behavior. After Dixon's incarceration in the Bureau of Prisons he has continued to violate BOP policies including possession of a straight edge razor. Given his prison record it is likely that Dixon would continue criminal activity. An immediate release would not afford an adequate deterrence to criminal conduct or protect the public from further crimes. *See* 18 U.S.C. 3553(a)(2).

*Id.*

## **Analysis**

### I. Procedural Framework

The court finds Defendant is not entitled to a new sentencing hearing. Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. It contemplates a recalculation of Defendant's guidelines under the Fair Sentencing Act and a possible sentence reduction if warranted.

There is some dispute over the procedure to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ."

4

Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in any case - . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by statute," as the First Step Act does here. Consequently, the court concludes that, although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing. Prior to determining whether to impose a reduced sentence, the court will consider the new statutory range, the advisory Guideline range, the 18 U.S.C. § 3553(a) factors, and any evidence of post-sentencing mitigation.

II. Application of § 404 of First Step Act to Defendant

   a. *Revised Statutory Range*

Application of the Fair Sentencing Act's penalty provisions to Defendant's conviction for conspiracy involving 50 grams or more of cocaine base results in Defendant's exposure to 10 years

5

to Life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B) and § 851. The supervised release term is eight years. A mandatory Life sentence is no longer applicable.

> *b. Nature and Circumstances of the Offense and History and Characteristics of the Defendant. 18 U.S.C. § 3553(a)(1).*

Defendant distributed crack cocaine in the Rock Hill area of South Carolina. Authorities used a confidential informant to make purchases of ½ to gram quantities of crack cocaine from Defendant on at least two occasions. Additional witnesses detailed their drug trafficking relationship with Defendant. Defendant also made statements concerning his involvement in obtaining multi-ounce quantities of cocaine and crack cocaine from various sources. At his Rule 11 hearing, he admitted responsibility for 434 grams of cocaine base. ECF No. 249 at 40. Defendant's prior record included two felony drug convictions and other convictions resulting in a criminal history score of VI.

Defendant signed a cooperation Plea Agreement but the Government took the position he failed two polygraph examinations concerning his knowledge of and involvement in a robbery and murder. Therefore, the Government declined to withdraw one § 851 Information and he was required by statute to be sentenced to Life imprisonment. However, no determination was made at sentencing concerning Defendant's alleged post-polygraph admission concerning a robbery and murder.

The PSR indicates Defendant was raised by a grandmother because his father was incarcerated and his mother was "on the streets doing drugs." He began incurring criminal charges at age 17 and received youthful offender sentences with multiple revocations. Adult convictions and revocations followed, along with significant drug abuse. He had sporadic employment. He

has committed four disciplinary infractions while in BOP custody, three of which were considered serious or moderately serious. He is housed in a United States Penitentiary.

>    c. *Need for Sentence Imposed to Reflect Purposes of Sentencing. 18 U.S.C. § 3553(a)(2)(A), (B), (C), and (D).*

The court must determine whether a reduced sentence would be sufficient but not greater than necessary to achieve the purposes of sentencing. Those purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2).

Defendant seeks a reduced sentence of 130 months, the bottom end of his advisory Guideline range, which he contends would likely entitle him to immediate release. The Government submits immediate release "would not afford an adequate deterrence to criminal conduct or protect the public from further crimes." The court agrees that immediate release would not achieve these purposes of sentencing. On the other hand, a sentence of Life imprisonment, given the current statutory framework, is greater than necessary to achieve such purposes.

### d. *The Kinds of Sentences Available and the Sentencing Range Established by the Guidelines and Policy Statements*

Defendant has already served more than 10 years, the mandatory minimum sentence now applicable. His advisory Guideline range is now 130-162 months. The Government urges the court deny Defendant's motion based on his plea to a significant drug offense, his disciplinary infractions while incarcerated, and his "admission during a polygraph examination to his participation in a murder." ECF No. 438 at 2. In the alternative, the Government submits that consideration of the § 3553(a) factors weighs against a reduction that would result in a time served sentence.

The court did not consider Defendant's alleged admission to a robbery and murder at sentencing. The Government mentioned the admission in describing Defendant's inconsistent statements and polygraph examination results. The Government, however, agreed it did not know if Defendant had committed the murder. Now the Government urges "these admissions should be relevant in fashioning a modified sentence. . . ." ECF No. 438 at 15.

The court declines to consider such admissions. No evidence of the alleged admissions was contained in the PSR or presented or admitted at sentencing. Nor were any polygraph results introduced at sentencing. The court has agreed with the Government a full resentencing is not appropriate. Thus, such evidence may not be added now.

### e. *Need to Avoid Unwarranted Sentencing Disparities*

The First Step Act was passed to remedy sentencing disparities affecting Defendants sentenced for cocaine base offenses before passage of the Fair Sentencing Act. Defendant's conviction is for a "covered offense" within the meaning of the Act. The court finds that failure

to impose a reduced sentence here would result in perpetuation of a sentencing disparity between crack and cocaine offenders.

## **Conclusion**

The question before the court is whether a reduced sentence would meet the purposes of sentencing and be sufficient, but not greater than necessary, to meet those purposes. This court has considered the entire record, and has decided to exercise its discretion to impose a reduced sentence of 180 months. Given Defendant's criminal history and seriousness of disciplinary infractions while serving his sentence, neither a Time Served sentence nor a guideline sentence is sufficient. On the other hand, denial of relief to this eligible Defendant is not warranted.

Weighing the entire record pursuant to the First Step Act of 2018, the court imposes a reduced sentence of 180 months' incarceration and eight years' supervised release, as the court finds this sentence is sufficient but not greater than necessary to achieve the purposes of sentencing.

**IT IS SO ORDERED.**

                                              s/Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              Senior United States District Judge

Columbia, South Carolina
May 22, 2019